# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| PRISCILLA ORTEGA, § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. 3:10-cv-395 |
| vs. § | |
| § | Jury Trial Demanded |
| MONARCH RECOVERY § | |
| MANAGEMENT, INC. § | |
| FKA ACADEMY COLLECTION § | |
| SERVICES, INC., § | |
| Defendant § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## NATURE OF ACTION

1.  This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.  Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Priscilla Ortega ("Plaintiff"), is a natural person residing in El Paso County.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, Monarch Recovery Management, Inc. fka Academy Collection Services, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

14.     Plaintiff had originally agreed to a 6 month payment plan with the Defendant on the underlying debt.

15.     At the expiration of the six months, Defendant attempted to induce

Plaintiff into agreeing to another similar payment plan.

16. When Plaintiff refused to do so, starting in March or April of 2010, Defendant began a barrage of collection calls to the Plaintiff, often calling her as much as 5 times during the same day. (§ 1692d(5)).

17. Defendant repeatedly contacted Plaintiff at her place of employment after being informed that such calls were inconvenient to Plaintiff and violated the policy of Plaintiff's employer.

18. In March or April of 2010, Plaintiff informed Defendant that she could not get any future calls at her place of employment because she was in danger of getting into trouble with her supervisor.

19. Defendant's collector told her that she would continue to get calls at work nonetheless, and Defendant did continue to call her at her place of employment subsequent to that time. (§ 1692c(a)(1)(3)).

20. Defendant communicated with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including calling at Plaintiff between the hours of 9:00 pm and 8:00 am (§ 1692c(a)(1)).

21. Defendant used unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt including withdrawing funds from Plaintiff's bank account without authorization.

22. When Plaintiff refused to enter into another payment plan with the

defendant, she finally agreed to allow them to take one additional payment to go toward the aforementioned debt.

23. Defendant subsequently began making monthly withdrawals from Plaintiff's bank account without her authorization. (§ 1692f)).

24. Defendant threatened to take an action against Plaintiff that could not be legally taken or that was not actually intended to be taken, including threatening to file a lawsuit against Plaintiff without the actual intent to do so.

25. On numerous occasions, starting in approximately April of 2010, Defendant threatened to file a lawsuit against Plaintiff in connection with the aforementioned debt without the actual intent to do so. (§ 1692e(5)).

26. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

27. As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I--FDCPA

28. Plaintiff repeats and re-alleges each and every allegation contained

above.

29. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II--TDCPA

30. Plaintiff repeats and re-alleges each and every allegation above.

31. Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

a. Threatening to take an action prohibited by law (Tex Fin Code § 392.301(a)(8));

b. Causing Plaintiff's telephone to ring repeatedly or continuously, or

    making repeated or continuous telephone calls, with the intent to harass Plaintiff (Tex Fin Code § 392.302(4));

c. Collecting or attempting to collect an obligation under a check, draft, debit payment, or credit card payment, where: 1) the check or draft was dishonored or the debit payment or credit card payment was refused because the check or draft was not drawn or the payment was not made by a person authorized to use the applicable account; 2) Defendant had received written notice from a person authorized to use the account that the check, draft, or payment was unauthorized; and 3) the person authorized to use the account had filed a report concerning the unauthorized check, draft, or payment with a law enforcement agency, as defined by Article 59.01, Code of Criminal Procedure, and has provided the debt collector with a copy of the report. (Tex Fin Code § 392.303(a)(3)(A));

d. Misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding (Tex Fin Code § 392.304(a)(8));

e. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the TDCPA;

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—DTPA

32. Plaintiff reincorporates by reference herein all prior paragraphs above.

33. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 et seq., commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

34. Defendant was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

35. Defendant made numerous material misrepresentations in an attempt to collect the purported consumer debt as detailed above.

36. Defendant knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

37. Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

38. Defendant's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

39. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff. Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

40. Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally.

41. Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a)     a declaratory judgment be entered that Defendant's conduct violated the DTPA;

(b)     an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(c)     an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

(d)     such other and further relief as may be just and proper.

## TRIAL BY JURY

42.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
5925 Almeda Road
#20818
Houston TX 77004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)

## CERTIFICATE OF SERVICE

I certify that on October 28, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Western District of Texas, El Paso Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz